Case 2:16-cv-01341-DOC-AFM   Document 5   Filed 03/07/16   Page 1 of 4   Page ID #:23

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN CARLO ARGUELLO,<br><br>  Petitioner,<br><br>  v.<br><br>PEERLY, Warden,<br><br>  Respondent. | Case No. CV 16-01341 DOC (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

   Petitioner is a California prisoner currently incarcerated at a state prison facility in Susanville, California.  On February 26, 2016, he filed a Petition for Writ of Habeas Corpus in this Court, alleging a claim of sentencing error.  (ECF No. 1.)  Concurrently, he filed a motion for appointment of counsel.  (ECF No. 2.)

   The current Petition is directed to the same 2011 Los Angeles County Superior Court judgment of conviction as a prior habeas petition filed by petitioner in this Court on July 23, 2014, in Case No. CV 14-5710 MAN [the "Prior Action"].  On March 30, 2015, Judgment was entered in the Prior Action denying the habeas petition on the merits and dismissing the action with prejudice.  Petitioner timely appealed, but his requests for a Certificate of Appealability were denied in turn by this Court and the Ninth Circuit.  The Ninth Circuit's docket reveals that petitioner

was granted an extension of time to file a motion for reconsideration of the denial of a certificate of appealability (Case No. 15-55662, ECF No. 6).

The Petition now pending, petitioner's second, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

///

///

1    The Petition now pending constitutes a second and/or successive petition
2 challenging the same judgment of conviction as did the Prior Action in Case No.
3 Case No. CV 14-5710 MAN. *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th
4 Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28
5 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent
6 petition second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the
7 extent that petitioner now is purporting to raise a new claim of sentencing error, it
8 was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth
9 Circuit authorizing the District Court to consider that claim, prior to his filing of the
10 instant Petition in the District Court. Petitioner has not secured authorization from
11 the Ninth Circuit to file a second or successive petition. His failure to do so
12 deprives the Court of subject matter jurisdiction. *See Cooper v. Calderon*, 274 F.3d
13 1270, 1274 (9th Cir. 2001).[1]

14    IT THEREFORE IS ORDERED that petitioner's motion for appointment of
15 counsel (ECF No. 2) be denied and that this action be summarily dismissed without
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[1] The Court does not construe the now pending Petition as having been "mistakenly" submitted in the District Court rather than the Court of Appeals. From all indications, petitioner intended to file a second petition in the District Court. Accordingly, there is not a basis for referral to the Court of Appeals under Ninth Circuit Rule 22-3. If petitioner wishes to file a successive petition in the District Court, he must first obtain authorization from the Court of Appeals via an application filed in the Court of Appeals demonstrating his entitlement to such authorization. *See* Ninth Circuit Rule 22-3; 28 U.S.C. § 2244(b)(3)(A).

prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 7, 2016

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Alexander F. MacKinnon
United States Magistrate Judge

4